SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANPU ANKHAMEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-1747 (RLW) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION[1]

In this action for a writ of habeas corpus, petitioner, proceeding *pro se*, challenges his sentence imposed by the Superior Court of the District of Columbia on November 18, 2010, following his plea of guilty. Pet. at 2. For the following reasons, the Court finds that it lacks jurisdiction over the petition and, therefore, will dismiss the case.

District of Columbia offenders must challenge their convictions in the Superior Court under D.C. Code § 23-110, which states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). "Since passage of the Court Reform Act [of 1970] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

sentencing court -- the Superior Court -- pursuant to D.C. Code § 23-110," *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it [] divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."); *Byrd*, 119 F.3d at 37 (observing that "[i]n order to collaterally attack [a] sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."); *see also Ibrahim v. U.S.*, 661 F.3d 1141, 1146 (D.C. Cir. 2011) (clarifying that "§ 23–110(g) is not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve.") (alteration in original).

As grounds for relief, petitioner claims that his sentence was too harsh, that he was coerced into a guilty plea, and that he was denied the effective assistance of trial counsel. *See* Pet. at 5. He has not asserted – and the Court does not find -- that those claims are outside the scope of D.C. Code § 23-110, which states:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the

sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a); *see Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."); *accord Garmon v. U.S.*, 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate sentence under section 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.) (citation omitted); *see also Kyle v. U.S.*, 759 A.2d 192, 202 (D.C. 2000) ("constru[ing] . . . ruling [denying motion for appointment of counsel to challenge guilty plea] as a denial of a substantive motion for relief under § 23-110.") (citation omitted).

For the foregoing reasons, the Court finds that it lacks jurisdiction over the instant petition. A separate Order of dismissal accompanies this Memorandum Opinion.

SO ORDERED.
Date: March 1, 2012

_____
ROBERT L. WILKINS
United States District Judge